IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA MARTINEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 2:15-cv-3329 |
| | : | |

ORDER

AND NOW, this 31st day of August 2016, upon careful and independent consideration of Plaintiff Angela Martinez's Motion in Support of Request for Review (Doc. No. 9), Defendant Carolyn W. Colvin's Response to Request for Review (Doc. No. 12), Plaintiff's Reply (Doc. No. 14), the Report and Recommendation ("R. & R.") of United States Magistrate Judge Thomas J. Rueter (Doc. No. 16), Plaintiff's objections to the R. & R. (Doc. No. 17), and Defendant's response thereto (Doc. No. 19), it is hereby ORDERED as follows:

1. Plaintiff's objections to the Report and Recommendation are OVERRULED.

    We adopt the R. & R. by Magistrate Judge Rueter, and write separately only to address Plaintiff's objections to the R. & R. When reviewing a R. & R. to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff raises three objections to the R. & R.; we shall address each in turn.

    Plaintiff's first objection stems from the fact that Dr. Kamenar, a non-examining state agency consultant, did not diagnosis Plaintiff with degenerative disc disease, but the Administrative Law Judge ("ALJ") found degenerative disc disease to be a severe impairment. (Pl.'s Objs. 2, Doc. No. 17.)  Plaintiff argues in her first objection that "[i]t is logical that the addition of an ALJ-acknowledged 'severe' lumbar . . . impairment to those actually considered by Dr. Kamenar, would further reduce [P]laintiff's potential standing/walking and other physical capabilities." As Defendant identifies, however, Dr. Kamenar provided an evaluation in 2012, but Plaintiff did not present symptoms of degenerative disc disease until January 2014, when she went to the emergency room. (Def.'s Resp. to Pl.'s Req. for Review 7, Doc. No. 12.) Nevertheless, the ALJ discussed Plaintiff's degenerative disc disease on multiple occasions in his decision. (See R. 95, 100.)[1] Although the ALJ found Plaintiff's degenerative disc disease to be a severe

---

[1] Citations to the administrative record are denoted by "R." followed by the page number.

impairment, the ALJ found that "[Plaintiff] received little else in the way of treatment, except for some physical therapy for the problem and her complaints of back pain are not pervasive in the record." (R. 100.) In considering Plaintiff's degenerative disc disease, along with other severe impairments, the ALJ found Plaintiff to be capable of light work. (R. 99.) Consequently, while Dr. Kamenar's report did not diagnosis Plaintiff with degenerative disc disease, the ALJ adequately discussed Plaintiff back issues and explained the rationale for his decision. Therefore, as Magistrate Judge Rueter found, the ALJ's decision was supported by substantial evidence. (R. & R. 14.)[2]

Plaintiff argues in her second objection that "[t]here are no 'supporting explanations' of record attributable to Dr. Croyle[, a state agency consulting psychologist]," which are required whenever an ALJ places weight on a non-examining source's opinion by 20 C.F.R. §§ 404.1527(c)(3) & 416.927(c)(3). (Pl.'s Objs. 6.) However, as Magistrate Judge Rueter highlighted, Dr. Croyle did provide an explanation, along with a complete assessment. (See R. & R. 16 (citing R. 71).) Plaintiff simply mischaracterizes Dr. Croyle's assessment and explanation by referring to it as "conclusory." (See R. 70–71.) Not only were Dr. Croyle's assessment and explanation factual in nature, but the ALJ discussed Dr. Croyle's factual findings in his decision. (See, e.g., R. 97 (noting, among other findings, that "[Dr. Croyle] found no more than moderate limitations of functioning noting that the claimant was not significantly limited in her ability to understand, remember, and carry out very short, simple instructions; that she did not have understanding or memory limitations, but that her ability to maintain attention and concentration for extended periods was moderately limited").)

Plaintiff also argues in her second objection that Dr. Croyle does not have the "'vocational' expertise to assess the acceptable employer requirements in the real world of competitive, full-time employment at Step 5 of the evaluation process." (Pl.'s Objs. 6.) Like the first portion of Plaintiff's second objection, this argument also misconstrues Dr. Croyle's assessment and explanation. Dr. Croyle did not "assess acceptable employer requirements" and the ALJ did not discuss Dr. Croyle's assessment at Step 5 of the evaluation process. Rather, the ALJ discussed Dr. Croyle's assessment at Step 3 and Step 4 (see R. 97, 101), and Dr. Croyle's explanation is provided in his capacity as a psychologist.[3]

Plaintiff argues in her final objection that the ALJ's duty to develop the record requires an evaluation from a medical advisor because no expert evaluated Dr. Wrable's objective

---

[2] Plaintiff argues that Magistrate Judge Rueter "sidestep[ped]" the issue and failed to discuss the cases cited by Plaintiff, specifically Caruso v. Comm'r of Soc. Sec., 99 F. App'x 376, 378 (3d Cir. 2004) and Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982). After reviewing the cases, it is unclear how Caruso or Santise supports or relates to Plaintiff's particular argument.

[3] We note that Dr. Croyle's statement that "THE CLAIMANT IS CAPABLE OF PERFORMING SIMPLE, ROUTINE WORK," is an evaluation of his substantive assessment, which appears in the explanation and assessment preceding that statement. (See R. 70–71.) There is no indication that the ALJ used Dr. Croyle's opinion in a vocational manner. Rather, the ALJ only discussed Dr. Croyle's assessment for its psychological assessment and explanation, as provided above, and came to his own determination as to Plaintiff's capabilities.

test results.[4] (Pl.'s Objs. 7–8.) After an independent review of the record, we agree with Magistrate Judge Rueter that a consultative examination was not necessary to enable the ALJ to make the disability decision. (See R. & R. 25.) The ALJ noted that Dr. Wrable was not a treating source and only saw Plaintiff once.[5] (R. 101.) The ALJ then held that "[Dr. Wrable's] findings are inconsistent with the serial mini-mental status examinations from [Plaintiff's psychological treating] facility." (R. 101.) The ALJ's decision was supported by substantial evidence, and there was no need in this case for a consultative examination to evaluate Dr. Wrable's tests. See Jakubiwski v. Comm'r of Soc. Sec., 215 F. App'x 104, 107 (3d Cir. 2007) ("[A]n ALJ is not required under the Social Security regulations to seek out medical expert testimony.").

Plaintiff relies on the Third Circuit's decision in Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000), and Brownawell v. Comm. of Soc. Sec., 554 F.3d 252, 356 (3d Cir. 2008), for the proposition that it is insufficient for an ALJ to reject a physician's assessment based on the ALJ's own impression of inconsistency between treating records absent consideration of the pressures of a work week. (See Pl.'s Objs. 8 (citing Pl.'s Mot. in Supp. 17–19, Doc. No. 9).) This reliance is misplaced because both Morales and Brownawell are distinguishable from the present case on the facts. In Brownawell, the Third Circuit held that the ALJ "relied on facts that were clearly erroneous in making a decision that failed to give appropriate weight to the opinion of Brownawell's treating physicians, Dr. Phillip Grem, and her consulting psychiatrist, Dr. Picciotto, and instead improperly favored the opinion of the non-examining psychologist, Dr. Jonathan Rightmyer." 554 F.3d at 355. In Morales, the Third Circuit held that "[t]he ALJ cannot, as he did here, disregard [the medical opinion of claimant's treating physician] based solely on his own 'amorphous impressions, gleaned from the record and from his evaluation of [the claimant's credibility].'" 225 F.3d at 318. In both Morales and Brownawell, the court admonished "that a doctor's observation that a patient is "'stable and well controlled with medication' during treatment does not [necessarily] support the medical conclusion that [the patient] can return to work." Brownawell, 554 F.3d at 356 (quoting Morales, 225 F.3d at 319). In the present case, unlike in Brownawell and Morales, the ALJ discredited Dr. Wrable's opinion on the facts because he found it to be inconsistent with Plaintiff's treating records. (R. 101.) The ALJ did not reject a treating physician's opinion by making speculative inferences from medical reports, as was problematic in Morales and Brownawell. For the reasons discussed by Magistrate Judge Rueter (R. & R. 20–23), the ALJ's decision in the present case is supported by substantial evidence. Consequently, because the ALJ did not employ the problematic logic discussed

---

[4] Plaintiff also argues that no expert reviewed the updated psychological treating records, but this may be dismissed because the record contained "almost up to date" treatment records from Northeast Community Health Center through January 2014. (R. & R. 24.) As noted by the Magistrate Judge, an "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." (R. & R. 24 (citing Thomas v. Halter, 45 F. App'x 146, 149 (3d Cir. 2002). Here, Plaintiff's argument focuses primarily on Dr. Wrable's objective tests, and Plaintiff provides no reasons for why an expert examination was required to review Plaintiff's *updated* psychological treating records. We note, as well, that the ALJ did evaluate Plaintiff's updated treatment records. (R. 101–102.)

[5] At a hearing in this case, Plaintiff's counsel requested that the ALJ order further psychological evaluation to assess the "borderline intellectual functioning" stemming from Dr. Wrable's tests. (R. 57–59.) The ALJ ultimately denied Plaintiff's request.

3

    in <u>Brownawell</u> and <u>Morales</u>, those cases do not support Plaintiff's contention that further expert examination is required to assess the results from Dr. Wrable's tests.

2. The R. & R. is APPROVED and ADOPTED.

3. The decision of the Commissioner of the Social Security Administration is AFFIRMED.

4. Plaintiff's request for review is DENIED. Judgment shall be entered in this matter in favor of Defendant. The Clerk of Court is directed to close this matter for statistical purposes.

                                  BY THE COURT:

                                  /s/ Legrome D. Davis

                                  Legrome D. Davis, J.